RK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANCELL EUGENE HAMM,
  Plaintiff,

v.              CIVIL ACTION NO. 19-CV-1697

DONALD J. TRUMP, *et al.*,
  Defendant.

FILED
MAY 16 2019
KATE BARKMAN, Clerk
By_____Dep. Clerk

**MEMORANDUM**

**KELLY, J.**                       MAY 17, 2019

Plaintiff Ancell Eugene Hamm filed this civil action President Donald J. Trump, three federal Judges who have presided over his prior *habeas* proceedings, Warden Mark Capozza, and Clerk of Court Kate Barkman. He raises civil rights claims pursuant to 42 U.S.C. § 1983 and, presumably, *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), related to his arrest, prosecution, and conviction. Hamm also moved to proceed *in forma pauperis*. The Court will grant Hamm leave to proceed *in forma pauperis* and dismiss his Complaint as frivolous.

**I. FACTS[1]**

Hamm was arrested in 1972 for murdering two police officers. He was subsequently convicted of murder and sentenced to life imprisonment. Over the past several decades, Hamm has repeatedly and unsuccessfully challenged his conviction and sentence in numerous federal *habeas* proceedings.[2] *See, e.g., Hamm v. Court of Common Pleas for the 15th Judicial Dist.*, No.

---

[1] The following facts are taken from the Complaint and the public record.

[2] Hamm alleges that his life sentences were vacated in 1977, but he "he ignores the fact that his life sentences for two counts of first-degree murder were reimposed on remand and affirmed by

1

CIV.A. 11-1067, 2011 WL 1668388, at *1 (E.D. Pa. May 2, 2011) (observing that "Petitioner has filed numerous petitions with this court seeking habeas corpus relief" and that "[t]he United States Court of Appeals for the Third Circuit has denied multiple applications by Petitioner for authorization to file a second or successive writ of habeas corpus").

The Honorable J. William Ditter, Jr., the Honorable Jeffrey L. Schmehl, and the Honorable Gerald J. Pappert are among the Judges of the Eastern District of Pennsylvania who have been assigned to Hamm's *habeas* proceedings and who denied Hamm *habeas* relief. *See Hamm v. Schmehl*, E.D. Pa. Civ. A. No. 18-3093 (Judge Pappert dismissed petition for lack of subject matter jurisdiction because it was a successive petition); *Hamm v. Lane*, E.D. Pa. Civ. A. No. 17-687 (Judge Schmehl dismissed Hamm's case for failure to file a proper petition); *Hamm v. Castille*, E.D. Pa. Civ. A. No. 13-5185 (Judge Ditter dismissed Hamm's petition with prejudice, noting that Hamm had filed at least sixteen unsuccessful prior *habeas* petition and that he was repeating arguments presented to the Court over many years regarding his convictions); *Hamm v. Court of Common Pleas for the 15th Judicial District of Pa.*, E.D. Pa. Civ. A. No. 11-1067 (Judge Ditter denied Hamm's petition with prejudice and directed the Clerk not to accept further filings in the case). Judge Pappert recently prohibited Hamm from filing additional *habeas* petitions challenging his 1974 murder conviction "without first requesting and receiving approval from this Court." *Hamm v. Schmehl*, E.D. Pa. Civ. A. No. 18-3093 (Jan. 24, 2019 Order, ¶ 5).

On April 18, 2019, Hamm lodged the instant Complaint with this Court. He claims that his 1974 murder convictions are invalid because the grand jury failed to issue a true bill of indictment. As a result, he claims to have been illegally incarcerated for over forty-five years in

---

the Pennsylvania Supreme Court." *Hamm v. Rendell*, 376 F. App'x 244, 245 (3d Cir. 2010) (per curiam).

violation of his constitutional rights. He seeks one million dollars and "injunctive relief declaring the Defendants, Sub Nomine, incarcerating him illegally for 45 and one half years." (Compl. at 5.)

## II. STANDARD OF REVIEW

The Court will grant Hamm leave to proceed *in forma pauperis* because it appears that he cannot afford to pre-pay the fees to commence this civil action.[3] As Hamm is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(i) applies, which require the Court to dismiss the Complaint if it is frivolous. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). It is legally baseless if "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995), and factually baseless "when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

## III. DISCUSSION

The Court will dismiss Hamm's Complaint as frivolous. Initially, Hamm has not articulated any non-frivolous factual basis for concluding that the Defendants were responsible for his arrest or prosecution several decades ago. In other words, he has not articulated any basis for concluding that the named Defendants violated his rights. This is not the first time Hamm has sued a sitting President and other high-ranking officials claiming that they are responsible for subjecting him to "involuntary servitude" by virtue of his 1974 murder convictions. In 2011, he sued then-President Barack Obama, Hillary Clinton, Tom Corbett, and two judges, raising

---

[3] However, as Hamm is incarcerated, he will be obligated to pay the $350 in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

3

similar claims to those raised in the instant case. *See Hamm v. Obama*, Civ. A. No. 11-1429 (D.D.C.). That case too was dismissed as frivolous. *Id.* (August 31, 2011 Memorandum).

To the extent he is suing federal judges for rejecting his arguments for *habeas* relief, judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam). Accordingly, there is no legal basis for Hamm's claims against Judges Ditter, Schmehl, and Pappert based on the way they ruled in his *habeas* cases because those Defendants are entitled to absolute judicial immunity. To the extent Hamm sued Barkman based on her position as Clerk of Court while his *habeas* cases were processed by this Court, she is entitled to quasi-judicial immunity from those claims. *See Gallas v. Supreme Ct. of Pennsylvania*, 211 F.3d 760, 772-73 (3d Cir. 2000).

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Hamm's Complaint as frivolous. Hamm will not be given leave to file an amended complaint because amendment would be futile. An Order follows.

BY THE COURT:

*Robert F. Kelly*
ROBERT F. KELLY, J.

4